**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re:** | * | |
| | * | **CASE NO. 10-13385** |
| **MIRACLE RESTAURANT GROUP,** | * | |
| **L.L.C.,** | * | **SECTION "B"** |
| **Debtor** | * | |
| | * | **CHAPTER 11** |
| ************************************** | | |

**FIRST OMNIBUS MOTION TO REJECT**
**CERTAIN LEASES AND CONTRACTS OF THE DEBTOR**

**Rule 6006(f)(1) Notice-- Parties receiving this motion and who have a lease or contract addressed herein should locate their names in paragraphs 8 and 9 hereof and/or Exhibit A hereto.**

Miracle Restaurant Group, L.L.C., as debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, respectfully moves this Court to approve the Debtor's rejection of certain leases and contracts pursuant to section 365(a) of the Bankruptcy Code as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This Court is the proper venue for this matter pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**Statutory Predicate**

3. This Court has the authority to determine this matter pursuant to Fed. R. Bank. Proc. Rule 6006 and Rule 9014. The Debtor has the authority to bring this Motion pursuant to 11 U.S.C. §§ 365 and 1107.

**Background**

4. On September 15, 2010 (the "Petition Date"), Debtor filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtor is continuing to operate its business and manage its property as a debtor-in-possession.

5. No Trustee or examiner has been appointed in this Chapter 11 case, and no committee has been appointed or designated.

6. The Debtor is a franchisee of 34 Arby's Restaurants located in Illinois, Indiana, Texas, Louisiana, and Mississippi with its principal office in Mandeville, Louisiana. The Debtor's financial condition has been significantly impacted by declining sales and the national economy, which has been particularly poor in Illinois and Indiana, where the majority of the Debtor's restaurants are located. In addition, costs of operations have increased, particularly labor and commodity costs, which the Debtor has been unable to pass along to its customers. In addition, the Debtor faced a significant increase in its rent obligations caused by large increases in local property tax obligations.

7. The Debtor elected to file Chapter 11 to reorganize its obligations and preserve the value and condition of its assets and business.

8. Prior to filing bankruptcy, the Debtor surrendered its rights under leases of two vacant lots and closed and surrendered possession of 12 stores to the landlords for each of those locations ("Prepetition Closed Locations"). A list of the Prepetition Closed Locations including the address for the location and the name and address of the landlord is attached hereto as Exhibit "A." Although the Debtor believes that formal rejection of the leases for the Prepetition Closed Locations is not required as the leases have already been terminated under the terms of the applicable leases and/or state law, the Debtor seeks approval to formally reject the leases for the Prepetition Closed Locations in an abundance of caution.

9. In addition, the Debtor seeks approval to reject the "Management Agreement" by and between the Debtor and Specialty Food Systems, Inc. ("Clearview Management Agreement") pursuant to which the Debtor operated the Arby's located at 845 S. Clearview Parkway, Jefferson, LA 70121 ("Clearview Premises"). Specialty Foods is the lessee under a Ground Lease dated January 3, 2006 with Lauricella Land Company, LLC for the Clearview Premises ("Clearview Lease"). The Debtor is not seeking a determination as to whether the Management Agreement is an unexpired lease or executory contract and reserves all rights in connection with same.

10. The Debtor has vacated and surrendered the Clearview Premises as of October 2, 2010.

**Relief Requested**

11. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor. 11 U.S.C. § 365(a). It is well established that the decision to assume or reject an

3

executory contract or unexpired lease is a matter within the "business judgment" of the debtor. *See Delightful Music Ltd. v. Taylor*, 913 F.2d 102 (3d Cir. 1990). The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of bad faith, whim or caprice. *See Lubrizol Enters. v. Richmond Metal Finishes,* 756 F.2d 1043, 1047 (4th Cir. 1985), *cert. denied*, 475 U.S. 1057 (1986).

12. By this Motion, the Debtor seeks (i) authority to formally reject the leases for the Prepetition Closed Locations, fully reserving all rights with respect to the status of such leases as of the Petition Date, and (ii) authority to reject the "Management Agreement" *nunc pro tunc* to October 2, 2010.

13. The relief requested herein is in the best interest of the creditors and the estate. Neither the Prepetition Closed Locations nor the Clearview location was profitable despite the Debtor's efforts to restructure lease obligations and increase lagging sales. All of the Prepetition Closed Locations were surrendered prepetition so the rejection of these leases will not increase the claims against the estate. Further, the Clearview Management Agreement and Clearview Lease expire on November 30, 2010, and thus, rejection of this contract or lease will not create a large claim against the estate. Closing these locations has or will preserve the Debtor's cash and enhance its prospects for a successful reorganization.

14. Nothing contained herein is intended or should be construed as (a) an admission as to the validity of any claim against the Debtor, (b) an admission as to the status or nature of any contract or lease with the Debtor; or (c) a waiver of the Debtor's rights to dispute any claim.

**Service of Motion**

15.     A committee of unsecured creditors has not been appointed in this chapter 11 case.  Notice of this Motion has been provided to (a) the Office of the United States Trustee; (b) the Debtors' 20 largest unsecured creditors; (d) the landlords under the leases for the Prepetition Closed Locations; (e) the landlord for the Clearview Lease and Specialty Food Systems, Inc. who is a party to the Clearview Management Agreement; and (e) any party who has filed a notice of appearance.  Such notice has been provided via electronic transmission and/or United States Mail, First Class, postage pre-paid.

WHEREFORE, Miracle Restaurant Group, LLC prays that this Honorable Court grant its motion and enter an order granting the relief requested herein and for such other and further relief as the Court may deem proper.

        CARVER, DARDEN,
        KORETZKY, TESSIER, FINN,
        BLOSSMAN & AREAUX, LLC
        By:_____/s/ David F. Waguespack_____

        WILLIAM T. FINN (La. 1359)
        DAVID F. WAGUESPACK (La. 21121)
        LEANN OPOTOWSKY MOSES (La. 19439)
        1100 Poydras Street, Suite 3100
        New Orleans, Louisiana 70163
        Telephone:  (504) 585-3800
        Telecopier:  (504) 585-3801
        Counsel for Miracle Restaurant Group, L.L.C.

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading has been served upon (a) the Office of the United States Trustee; (b) the Debtors' 20 largest unsecured creditors; (d) the landlords under the leases for the Prepetition Closed Locations; (e) the landlord for the Clearview Lease and Specialty Food Systems, Inc. the party to the Clearview Management Agreement; and (e) any party who has filed a notice of appearance, by placing same in the United States First Class mail, postage prepaid and properly addressed this 6th day of October, 2010.



_____/s/ David F. Waguespack_____

4848-2652-8519, v. 2